# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 19, 2012

No. 11-51074
Summary Calendar

Lyle W. Cayce
Clerk

DON A. HAMPTON,

Plaintiff-Appellant,

versus

METHODIST HEALTHCARE SYSTEM
OF SAN ANTONIO, LIMITED, L.L.P.;
METHODIST HEALTHCARE MINISTRIES
OF SOUTH TEXAS, INCORPORATED;
COLUMBIA/HCA HEALTHCARE CORPORATION OF CENTRAL TEXAS,

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Texas
No. 5:10-CV-760

Before SMITH, OWEN, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-51074

Don Hampton appeals a summary judgment in favor of defendants Methodist Healthcare System of San Antonio, Limited, L.L.P., and Columbia/HCA Healthcare Corporation of Central Texas, dismissing the claim that his employment was terminated in retaliation for engaging in protected activity in violation of the Texas Commission on Human Rights Act; Title VII of the Civil Rights Act of 1964; and the Fair Labor Standards Act.  Finding no error, we affirm.

We review a summary judgment *de novo*, employing the same standard used by the district court.  *McFaul v. Venezuela*, 684 F.3d 564, 571 (5th Cir. 2012).  A district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a).

The court correctly concluded that Hampton failed to make a *prima facie* case of retaliation, as required under the applicable burden-shifting scheme.  *See Hagan v. Echostar Satellite, L.L.C.*, 529 F.3d 617, 624 (5th Cir. 2008); *Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996) (Title VII retaliation claim); *Ptomey v. Tex. Tech Univ.*, 277 S.W.3d 487, 492, 495 (Tex. App.—Amarillo 2009, pet. denied).  It is undisputed that Hampton fell asleep while he was supposed to be caring for a patient who wandered down a hall and was found by a co-worker.  That, along with Hampton's  subsequent insubordination, were the stated reasons for his termination.

As the district court concluded, Hampton came forward with no direct evidence that his termination was retaliatory, nor was there sufficient temporal proximity between the termination and any of the protected activity to support a *prima facie* case of retaliation.  *See Raggs v. Miss. Power & Light Co.*, 278 F.3d 463, 471-72 (5th Cir. 2002).  Hampton's speculative and unsupported assertions of, *inter alia*, a longstanding plot to fire him, perjury, disparate treatment, discrepancies in the timeline of events, and falsification of evidence are insufficient to defeat summary judgment.  *See Sanches v. Carrollton-Farmers Branch Indep. Sch. Dist.*, 647 F.3d 156, 165 (5th Cir. 2011).

No. 11-51074

We likewise find no abuse of discretion in the granting of summary judgment while Hampton's discovery requests were outstanding. Even if Hampton's oppositions could be construed as a motion pursuant to Federal Rule of Civil Procedure 56(d) for a continuance, Hampton's speculative and conclusional assertions were insufficient to satisfy the requirements of that rule. *See Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010).

Before granting summary judgment, the district court dismissed all claims against Methodist Healthcare Ministries of South Texas, Incorporated, and dismissed Hampton's claim of sex discrimination. Hampton does not challenge those rulings and has therefore abandoned any such issues. *See Longoria v. Dretke*, 507 F.3d 898, 901 (5th Cir. 2007).

The summary judgment is AFFIRMED.